Fisher & Sang, Inc. v. Commissioner.
Fisher & Sang, Inc. v. Commissioner
Docket No. 3687.
United States Tax Court
1945 Tax Ct. Memo LEXIS 276; 4 T.C.M. (CCH) 281; T.C.M. (RIA) 45084; March 9, 1945
A. Howard Aaron, Esq., and John W. Sanborn, CPA, for the petitioner. Sidney B. Gambill, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: Respondent has determined deficiencies in income tax, declared excess profits tax, and excess profits tax for the year 1940 in the respective amounts of $5,429.56, $2,650.11, and $3,414.97. Petitioner agrees to certain adjustments but contests respondent's disallowance of part of the sum deducted as business expense *277 for the fixed salaries of its two officers. The question presented requires determination of the amount of a reasonable allowance for compensation of the officers, taking into consideration the method used whereby the two officers were paid monthly, fixed salaries, plus 3 per cent commissions on sales. The return was filed with the collector for the 28th district of New York. All of the facts have been stipulated. Findings of Fact The facts stipulated by the parties are adopted as our findings of fact. Petitioner is a wholesaler and mill agent of knit goods, and manufactures and sells knitted products. It keeps its books and makes its return on an accrual method of accounting. The stock of petitioner is owned in equal shares by Cecil Fisher and Philip Sang, who are its chief officers and managers. They have been engaged in the knit goods business since 1910 and 1916. They conducted a knit goods business as a partnership for several years, and then organized the petitioner corporation in 1929, under the laws of New York, to carry on the business which had been conducted as a partnership since 1936. Since 1936 the capital stock of petitioner has been $69,000. The fixed salary *278 paid to each officer from 1929 through 1934 was $150 per week. As of January 1, 1935, the fixed salary was changed to $75 per week, each, plus a commission of 3 percent of sales to each. Compensation was paid on the basis of $75 per week plus a percentage of sales, either 2 percent or 3 percent, through 1937. During 1938 and 1939 the weekly salary was $100 per week, plus 3 percent of sales. During 1940, the two officers received $100 per week plus 3 per cent of sales, each, until November 16, 1940. On that date a resolution was adopted changing the fixed salaries for the year, retroactive to January 1, 1940, at $1,000 a month, plus commissions of 3 percent of sales, each. Thus, the fixed salary of each officer, exclusive of the 3 percent commissions, was increased from $5,200 per annum to $12,000. The increase to each officer was $6,800, or $13,600 for both officers. For the four year period, 1937 to 1940, inclusive, the petitioner's net sales, total income, gross profit, and net income before officers' salaries, were as follows: 1937
1938
1939
1940
Net sales
$345,593.28
$296,006.27
$303,215.13
$322,144.96
Total income
351,388.52
301,173.32
315,802.34
337,401.82
Gross profit
74,574.50
66,940.63
70,109.15
94,016.57
Net income before officers' salaries
34,353.82
30,104.84
32,428.36
67,779.11 *
*279 For the same years officers' commissions on sales, officers' fixed salaries, and dividends paid were as follows: 1937
1938
1939
1940
Officers' commissions
$21,178.80
$18,123.76
$18,972.78
$19,899.75
Officers' fixed salaries
7,700.00
10,400.00
10,400.00
24,000.00
Dividends paid
4,800.00
6,400.00
From 1929 to 1940, inclusive, the year when gross sales were highest was 1936, when they were $388,151.15. In that year gross profit amounted to $72,649; net income before officers' salaries was $32,225.43; officers' commissions on sales were $15,796.82; officers' fixed salaries were $8,050; dividends paid were $4,200. There are only two officers active in the conduct of petitioner's business, Fisher and Sang, and they own all of the stock. From 1929 through 1940, dividends on stock were paid only in 1936, 1937, and 1940. The earned surplus of the petitioner was $18,842 in 1936. It increased, gradually each year thereafter to $23,040.26 in 1939, and to $29,113.58 in 1940. Petitioner deducted on its return for 1940 *280 as business expenses, $24,000 for the fixed salaries paid to its two officers, plus $19,899.75 for the commissions on sales paid to them. Respondent disallowed $13,600 of the deduction taken for the fixed salaries. He did not disallow any of the deductions taken for commissions on sales paid to the officers. A reasonable allowance for the fixed salary of each officer of petitioner for 1940 is $5,200, or, $10,400 total. Opinion Respondent's determination that $30,299.75 [1] constitutes a reasonable allowance for the compensation of petitioner's two officers for purposes of a business expense deduction under section 23(a)(1) of the Internal Revenue Code, is a prima facie correct determination. Petitioner has the burden of proving that such determination is wrong, and of proving that some other sum is a reasonable allowance for the compensation of the two officers for services actually rendered. The facts have been stipulated. At the hearing, counsel for the parties referred to an item of insurance which was collected in 1940 to reimburse *281 petitioner for a loss of merchandise by fire. The schedules introduced in evidence refer to insurance items but the stipulation of facts does not set forth the details of a recovery of insurance. Accordingly, our findings of fact cannot incorporate certain details, even though the parties are agreed upon certain facts relating to the insurance items. The statements made by counsel for both parties at the hearing show that they are agreed upon certain facts, and such facts are discussed in the briefs. The parties are agreed that a total sum of $44,594 of insurance proceeds was received, of which $41,329.16 was allocated to income for the year 1940 on petitioner's books, and was added into the figure for net sales for 1940. Accordingly, the amount of net sales for 1940, to wit, $322,144.96 was greater than net sales for the prior year, which were $308,215.13, principally because of the receipt of insurance to compensate for a fire loss. Thus, such increase in the business of petitioner in 1940 was due to the efforts made by petitioner's officers in collecting the insurance. Respondent points out that since the amount of insurance received in 1940 was added into net sales, and since *282 the commissions paid were computed on net sales, the two officers were paid something for their services in collecting the insurance, to wit, 3 per cent of the $41,329 allocated to 1941, or, $2,479.75. It is part of the burden of proof of petitioner to show that some amount in excess of $2,479.75 is a reasonable allowance for compensation for these special services. Petitioner's chief argument is that $12,000 fixed salary for the services of each officer constitutes a reasonable allowance for purposes of a deduction under section 23(a)(1) because the officers were more efficient in the management of petitioner's business in 1940. Petitioner points out that in 1940 there were decreases in administrative and selling expenses and in costs of goods sold, and an increase in gross profits compared to the expenses and profit in 1939. Net income in 1940 before officers' commissions and salaries was $67,779.11, an increase of $35,350.75 above such net income for 1939. Analysis of the statement of income and expenses for the year 1940 shows that the increase in such net income results from the following items: Comparing the year 1940 with the year 1939, there were increases in income of *283 $13,929.83 in net sales and $7,669.65 from "other income." There were decreases in expenses of $2,307.94 in costs of sales, and $11,443.33 in charges for operations such as wages, rent, and general expenses. These four items total $35,350.75. It is upon these figures alone that petitioner contends that the increase in the fixed salaries of its two officers from $10,400 in 1939 to $24,000 in 1940 represents a reasonable increase in compensation to. them for increased efficiency in the management of petitioner's business. Petitioner has given no explanation for the above differences in income and expense in 1940, except that insurance payments were accrued and received which increased the two classes of income, "net sales" and "other income." In the comparative statement of income and expense an explanation is given, as follows: "Other income increased $10,166.67 to reflect Use and Occupancy Insurance accrued in 1940 and added to Taxable Net Income." This explanation seems to refer to an item of insurance other than the fire insurance which has been referred to already. The extremely limited evidence submitted fails to show that the increase in the fixed salaries of the two officers *284 was in fact earned by them through increased efforts and greater skill in management. Taking the bookkeeping figures upon which petitioner rests its case, we find that $13,751.27 is the total decrease in expenses of various kinds, and no explanation is given; and that $21,599.48 represents a total increase in income due to insurance which had to be reported in taxable income because it was received or was properly accrued. (The total of the two figures above is $35,350.75, the increase in net income for 1940.) All that petitioner has shown is that its taxable income had to be increased on account of insurance items. In its brief petitioner argues that it would be inequitable to deny the deduction claimed when "petitioner voluntarily accepted increase to taxable income in this particular year as the result of insurance proceeds accrued and added to income as of December 31, 1940, where as this Court has recently decided ( GeorgiaCarolina Chemical Company, Docket No. 110326, November 18, 1944, Memo. T.C. [3 TCM 1213]) that even though a taxpayer maintained its records upon the 'accrual basis' it is not to be charged with insurance proceeds until settlement is agreed upon. *285 " Petitioner cannot establish a contention that increased salaries are a reasonable allowance for compensation for services actually rendered, so as to receive the benefit of the business expense deduction allowed by section 23(a)(1) by making a bargain arrangement with the respondent. A taxpayer cannot receive a deduction under section 23(a)(1) merely as an offset to items which increase income under section 22(a). There is, of course, no merit whatever to the real contention which petitioner makes. There is no issue presented raising a question about the propriety of including in income for 1940, certain items of insurance paid and accrued. If such inclusion of insurance in 1940 income is not correct under section 22(a) as a matter of law, a question we are not required to decide, it does not follow that petitioner should receive a business expense deduction which it has not shown itself to be entitled to receive under section 23(a)(1) merely to offset the additions to income. The argument of petitioner, set forth above, can best be answered by using an aphorism, "Two wrongs do not make one right." The question raised by the pleadings is only the reasonableness of the fixed salaries *286 for 1940, for purposes of the deduction claimed under section 23(a)(1), and petitioner has failed to overcome the prima facie correctness of the respondent's determination. There is little, if any, evidence to show that the increase of $13,600 in the fixed salaries was necessary, reasonable, or earned. The Commissioner has allowed a deduction of $10,400 for fixed salaries, and petitioner has not shown that this is not a reasonable allowance. For failure of proof, petitioner's claim is denied. Crescent Bed Company v. Commissioner, 133 Fed. (2d) 424. Decision will be entered for the respondent. Footnotes
*. The figure for net sales in 1940 was increased to reflect goods destroyed by fire and reimbursed through insurance.↩
1. This sum is made up of $10,400, fixed salaries for the two officers, plus $19,899.75, commissions for both officers.↩